## In Re Anonymous No. 29 D.B. 79 and 18 D.B. 80

Disciplinary Board Docket no. 29 D.B. 79 and 18 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

JOHNSON, *Chairman,* June 22, 1982—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

### I. HISTORY OF PROCEEDINGS

On September 7, 1979, the Office of Disciplinary Counsel charged petitioner with acts of misconduct including making misrepresentations to a court and engaging in ex parte communications on the merits with a court (29 D.B. 79). The hearing committee found violations of D.R. 1-102(A)(4); and (6), D.R. 7-102(A)(1) and (2); and D.R. 7-110(B) and recommended an informal admonition. Respondent did not accept the determination of the hearing committee and requested review.

On March 31, 1980, the Office of Disciplinary

Counsel again charged petitioner with further acts of misconduct, consisting of two separate charges, including neglect in the pursuit of a legal matter entrusted to him, failure to return an unearned retainer, handling a legal matter without adequate preparation in the circumstances, dealing in a legal action the sole purpose of which is harrassment and engaging in ex parte communications with a district magistrate. After a hearing the hearing committee reviewed all of the charges including its prior determination under abbreviated procedure (29 D.B. 79) and found specified violations of the Disciplinary Rules recommending a private reprimand to which the Office of Disciplinary Counsel excepted seeking more severe discipline.

The Disciplinary Board of the Supreme Court of Pennsylvania (board) reviewed the report of the hearing committee together with the record in the case and filed its report with your honorable court in which it found petitioner had violated the following Disciplinary Rules in connection with the charges filed at 29 D.B. 79:

D.R. 1-102(A)(4) dealing with an attorney engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

D.R. 1-102(A)(6) dealing with an attorney engaging in any other conduct that adversely reflects on his fitness to practice law.

D.R. 7-102(A)(1) which prescribes an attorney shall not file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harrass or maliciously injure another.

D.R. 7-102(A)(2) providing an attorney shall not knowingly advance a claim or defense that is unwarranted under existing law.

D.R. 7-110(B) providing that in adversary proceedings the lawyer shall not communicate as to the merits of the cause wih a Judge or official for whom the proceeding is pending without promptly communicating the same to opposing counsel or the adverse party.

With regard to the charges filed to 18 D.B. 80, the board found the following violations of the Disciplinary Rule with regard to Charge I:

D.R. 2-110(A)(3) providing a lawyer who withdraws for employment shall refund promptly any part of a fee paid in advance that has not been earned.

D.R. 6-101(A)(3) dealing with neglect of a legal matter entrusted to an attorney.

And as to Charge II:

D.R. 1-102(A)(6) engaging in conduct that adversely reflects on his fitness to practice law.

D.R. 6-102(A)(2) concerning the handling of a legal matter without preparation adequate in the circumstances.

D.R. 7-102(A)(1) which prescribes the filing of a suit or conduct of a defense, delay of a trial or other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harrass or maliciously injure another.

D.R. 7-102(A)(5) dealing with knowingly making of a false statement of law or fact.

D.R. 7-102(B)(2) dealing with communications directly to a Judge or an official as to the merits of a case without promptly delivering a copy thereof to the opposing counsel or the adverse party.

Having found the foregoing violations the board recommended to your honorable court that peti-

tioner be suspended from the practice of law for a period of one year.

By order of your honorable court entered February 27, 1981, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania was accepted and petitioner was suspended from the practice of law for a period of one year. Upon the filing of a petition for reconsideration of the order of suspension, a stay was entered by order dated April 16, 1981. By order of your honorable court dated April 23, 1981, the petition for reconsideration of order of suspension was denied, the stay of proceedings granted by the order dated April 16, 1981 was terminated and the suspension of petitioner was made effective June 1, 1981.

On November 23, 1981, petition for reinstatement and reinstatement questionnaire and answers were filed by petitioner. The matter was referred to hearing committee [ ] for reinstatement hearing, which hearing was held on February 22, 1982. The hearing committee consisting of [ ] filed its report recommending reinstatement be granted.

## II. DISCUSSION

The consideration of a petition for reinstatement is governed by the dictates of the Pennsylvania Rules of Disciplinary Enforcement 218(3)(i) which places upon petitioner the burden of demonstrating by clear and convincing evidence not only that he has the moral qualifications, competency and learning in law required for admission to practice in this Commonwealth, but also that the resumption of practice by him will be neither detrimental to the integrity and standing of the Bar or the ad-

ministration of justice, nor subversive to the public interest.

The hearing committee has found petitioner has demonstrated his technical competency and learning in the law. With this we agree. Petitioner is 41 years of age. He attended [　] University and graduated from the University of [　] in June 1962 with a Bachelors Degree in Political Science. He was graduated from the [　] Law School in June, 1966 and admitted to the Bar of the State of [　] upon Bar Examination in October of 1966. Beginning February, 1967, he served two years in the United States Army spending most of that time working in a Judge Advocate General's Office. Following an honorable discharge he was engaged from February, 1969 to February 1972 as a Law Clerk for the Honorable [A], first a Judge of the Court of Common Pleas of [　] County and later a Federal Judge. He was admitted to the Court of Common Pleas of [　] County at [　] in 1971. For a year after leaving the clerkship with Judge [A], petitioner was associated in practice with another attorney and thereafter from February, 1973 to the time of his suspension was engaged as a sole practioner with offices both in [　] County and [　] County, Pa. Since his suspension petitioner has done some research as a paralegal for other attorneys and has made a point of reading rather extensively in the Pennsylvania Law Institute manuals.

The board concludes petitioner has met the burden of proof placed upon him concerning his competency and learning in the law required for admission to practice in this Commonwealth.

Following his suspension petitioner complied with Rule 217 of the Rules of Disciplinary Enforcement and has not during his suspension been

found guilty of any other violations of the Disciplinary Rules. In its report to your honorable court recommending the one year suspension based upon the charges filed to 29 D.B. 79 and 18 D.B. 80, the board was moved to make note of a vindictive and self-righteous attitude manifested by petitioner (then respondent) tending to blame others for his own short-comings. A review of the direct testimony of petitioner and his testimony during cross examination indicated a reformation in petitioner's attitude toward the practice of law. He readily admitted he was at fault in the manner in which he conducted his practice. It was the finding of the hearing committee, concurred in by the board that petitioner demonstrated genuine contrition and a desire to be a creditable practicing lawyer. As was to be expected, petitioner's suspension resulted in severe financial harm to him and caused him emotional stress. It is believed this has resulted in creating in petitioner a genuine respect for the privilege of practicing as an attorney, operating within the confines of the Disciplinary Rules.

Petitioner has been active in community work and has devoted a great deal of time to work in cooperation with the Department of Neurology in the School of Medicine, University of [ ], particularly with their Parkinson's Disease Clinic. His father, [ ], died of Parkinson's Disease. Petitioner's interest in research in Parkinson's Disease created by his father's affliction has been continued since his father's death. He serves as President of the [ ] Chapter of the American Parkinson's Disease Association working closely with the school of medicine. His activity there was acclaimed by several witnesses who testified on his behalf. Testimony was offered by several witnesses and letters

were accepted into evidence without objections of Disciplinary Counsel attesting to his legal ability and his service to his community.

The hearing committee has concluded that the resumption of practice by respondent will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive to the public interest. With this conclusion, the board concurs. We believe that the lesson learned from the hardship imposed upon petitioner by his suspension will fortify his moral qualifications to the end that his resumption of practice will be neither detrimental to the integrity and standing of the Bar or the administration of justice.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that the petition for reinstatement be granted and that the court direct that the necessary expenses incurred by the board in the investigation and processing of the petition for reinstatement will be paid by petitioner as provided in Rule 89.278 of the Disciplinary Board Rules. A statement of such expenses is appended to this report.

## ORDER

O'BRIEN, *C.J.*, And now, June 24, 1982, the recommendation of the Disciplinary Board dated June 22, 1982, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by petitioner.